JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., 300212
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA BROWN, individually and as successor-in-interest for Decedent LUTHER BROWN; A.B., a minor, by and through her guardian ad litem, SHAWNA BROWN; D.P., a minor, by and through her guardian ad litem, RITA ALMENDAREZ; A.B., a minor, by and through her guardian ad litem, RITA ALMENDAREZ; D.P., a minor, by and through his guardian ad litem, RITA ALMENDAREZ; S.S.J., a minor, by and through her guardian ad litem, GAYLE JOHNSON; and QUEEN E. BROWN, individually. <br><br> Plaintiffs, <br><br> V. <br><br> WESLEY GRINDER, individually; RYAN TAIRIOL individually; LOREEN GAMBOA, individually; 'FNU' SCOTT, individually; and  DOES 1-50, inclusive, individually, <br><br> Defendants. | Case No.: 2-13-CV-01007-KJM-KJN <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES <br><br> (42 U.S.C §§ 1983, 1985, 1988; and pendent tort claims) <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1.      These claims arise out of the unlawful shooting and wrongful death of LUTHER BROWN, a 32-year-old father of five minor children.  On April 6,

1

2012, Stockton Police Officers shot Decedent LUTHER BROWN 11 times, while he was lying on his back unarmed and when he did not pose any imminent threat of harm to anyone.  Mr. Brown died from his wounds.  The shooting was unjustified and unrelated to any legitimate law enforcement purpose in violation of the United States and California Constitutions.

## JURISDICTION

2.     This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Stockton, County of San Joaquin, California, which is within this judicial district.

## PARTIES

3.     Plaintiff SHAWNA BROWN, at all times herein mentioned, was married to Decedent LUTHER BROWN.  Plaintiff SHAWNA BROWN is the widow of and the successor-in-interest to Decedent LUTHER BROWN.  She is also the mother and Guardian Ad Litem of Minor Plaintiff A.B., who is the daughter of Decedent LUTHER BROWN.  Plaintiff SHAWNA BROWN brings this action on her own behalf, as successor-in-interest to her husband Decedent LUTHER BROWN, and on behalf of minor Plaintiff A.B. as her Guardian Ad Litem.

4.     Minor Plaintiff, A.B. is the daughter of Decedent LUTHER BROWN and Plaintiff SHAWNA BROWN.  Her Guardian Ad Litem SHAWNA BROWN is representing her in this action.

5.     Minor Plaintiff D.P. is the daughter of Decedent LUTHER BROWN and Rita Almendarez.  Her Guardian Ad Litem RITA ALMENDAREZ is representing her in this action.

6.     Minor Plaintiff A.B. is the daughter of Decedent LUTHER BROWN and Rita Almendarez.  Her Guardian Ad Litem RITA ALMENDAREZ is representing her in this action.

2

7.      Minor Plaintiff D.P. is the son of Decedent LUTHER BROWN and Rita Almendarez.  His Guardian Ad Litem RITA ALMENDAREZ is representing him in this action.

8.      Minor Plaintiff S.S.J. is the daughter of Decedent LUTHER BROWN and Gayle Johnson.  She is being represented in this action by her Guardian Ad Litem GAYLE JOHNSON.

9.      Plaintiff QUEEN E. BROWN is the biological mother of decedent, LUTHER BROWN.  She brings this action on her own behalf.

10.      Defendant WESLEY GRINDER (hereinafter "GRINDER"), is and was at all times herein mentioned a police officer employed by Defendant CITY OF STOCKTON.  He is being sued in her individual capacity.

11.      Defendant RYAN TAIRIOL (hereinafter "TAIRIOL"), is and was at all times herein mentioned a police officer employed by Defendant CITY OF STOCKTON.  She is being sued in her individual capacity.

12.      Defendant LOREEN GAMBOA (hereinafter "GAMBOA"), is and was at all times herein mentioned a police officer employed by Defendant CITY OF STOCKTON.  She is being sued in her individual capacity.

13.      Defendant 'FNU' SCOTT (hereinafter SCOTT"), is and was at all times herein mentioned a police officer employed by Defendant CITY OF STOCKTON.  He is being sued in his individual capacity.

14.      Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs believe and allege that each of the DOE defendants is responsible and liable in some manner for the incident, injuries and damages sustained by the Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the true names and capacities of DOES 1-50, inclusive, when they have been ascertained.

15.      In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the CITY.  In engaging in the conduct described herein,

1   Defendant police officers exceeded the authority vested in them as police

2   officers under the United States and California Constitutions and as police

3   officers employed by Defendant CITY.

4          16.     For State causes of action related to Federal claims, Plaintiffs are

5   required to comply with an administrative claim requirement under California

    law.  Plaintiffs have complied with all applicable requirements.

6                                          **FACTS**

7          17.     The subject incident took place on April 6, 2012 at 7:30 p.m., at 2747

8   Burlington Avenue in the City of Stockton,  San Joaquin County, California.

9          18.     Decedent, LUTHER BROWN, a 32 year old African American man, was

10  pulled over by Defendant Officer GRINDER and TAIRIOL. Decedent BROWN stopped

11  his car, got out and ran away.  Decedent BROWN was in fear for his life based

    on his knowledge of how CITY OF STOCKTON police officers mistreat and

12  abuse African-Americans.  Defendants GRINDER and TAIRIOL got out of their

13  car and chased Decedent.  Defendants GRINDER and TAIRIOL caught up with

14  Decedent BROWN in the courtyard of 2741-2747 Burlington Avenue and tackled

15  him to the ground.  Defendant GRINDER and/or TAIRIOL began to strike

16  Decedent BROWN with a baton about his legs and ankles.  Decedent BROWN

17  did not have any type of weapon in his possession.

18         19.     Defendant Officer GRINDER then shot Decedent 11 times, while Decedent

19  BROWN was laying on his back, unarmed and when he did not pose any threat of

    immediate harm to anyone.

20         20.     Several witnesses observed Defendant GRINDER's and TAIRIOL's

21  interaction with Decedent BROWN.

22         21.     Decedent BROWN was pronounced dead from the injuries he sustained as

23  a result of the excessive and unjustified use of deadly force by defendants.

24         22.     After the shooting, an unrelated witness came forward, with a cell

25  phone video recording of the subject-incident that showed a portion of

    Decedent LUTHER BROWN'S interaction with Defendants GRINDER and

26  TAIRIOL.  Several witnesses viewed the contents of the video prior to notifying

27  Defendant Officer LOREEN GAMBOA, of the existence of the video, which

28

                                                                                      4

captured the shooting death of Decedent BROWN.  Defendant Officer GAMBOA drove the witnesses to the City of Stockton Police Department. Unknown Defendant City of Stockton Police Officer viewed the cell phone video.  Another unknown Defendant City of Stockton Police Officer took the witness's cell phone containing the video recording.  The cell phone was out of the witness's possession for 1-2 hours.

23.    Defendant Police Detective "FNU" SCOTT spoke to the witnesses after Defendants GAMBOA and the other unknown Defendant police officers had the witness's cell phone and the video in their possession for 1-2 hours. Defendant SCOTT asked the witness to show him the video.  When the witness attempted to show the video to Defendant SCOTT, the videos and all pictures of the incident had been erased from the phone.

24.    Plaintiffs allege that Defendants SCOTT and GAMBOA intentionally deleted the cell phone video and pictures of the subject-incident in order to conceal and destroy evidence of the illegal activities of the other Defendant Officers.

25.    The killing of Decedent LUTHER BROWN described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

26.    Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Decedent LUTHER BROWN's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support.  Plaintiff SHAWNA BROWN has also lost consortium and intimate relations with her husband, Decedent LUTHER BROWN.

27.    Plaintiffs SHAWNA BROWN, A.B., A.B., D.P., D.P., S.S.J., are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).  Additionally, Plaintiffs are

1   entitled to the reasonable value of funeral and burial expenses pursuant to

2   C.C.P. §§ 377.60 and 377.61.

3       28.     Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs

4   are further entitled to recover for damages incurred by decedent before he died.

5   Decedent incurred damages as the result of being assaulted, battered, and

    denied immediate medical attention.  Decedent also incurred damages for

6   deprivation of rights without due process of decedent's right to life.  Decedent

7   successors are entitled to claim any penalties or punitive damages which

8   decedent would have recovered, had he lived.

9       29.     As a further direct and proximate result of defendants' intentional

10  and/or negligent conduct, plaintiffs SHAWNA BROWN, A.B., A.P., D.P., D.P.,

11  and S.S.J. have been deprived of decedent's financial support.  Plaintiffs are

12  further entitled, under their section 1983 Fourth Amendment claims, to recover

13  for Decedent's own emotional distress, pain, and suffering incurred by

    Decedent prior to his death.

14      30.     Plaintiffs found it necessary to engage the services of private

15  counsel to vindicate their rights and the rights of decedent under the law.

16  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs

17  pursuant to statute(s) in the event that they are the prevailing parties in this

18  action under 42 U.S.C. §§ 1983, 1985-86 and 1988.

19

20                      **FIRST CAUSE OF ACTION**

21      **(Survival Action: Violation of Decedent's civil rights 42 U.S.C. § 1983)**

22  (Plaintiff SHAWNA BROWN as Successor-in-Interest to Decedent LUTHER BROWN

        against Defendants GRINDER, TAIRIOL, GAMBOA, SCOTT and DOES 3 - 50)

23      31.     Plaintiff SHAWNA BROWN as successor-in-interest to Decedent

24  LUTHER BROWN re-alleges and incorporates by reference paragraphs 1

25  through 30 of this complaint.

26      32.     The foregoing claim for relief arose in Decedent's favor who was

27  forced to endure a great amount of conscious pain and suffering as a result of

28

1  Defendants' actions, and Decedent would have been the Plaintiff with respect to

2  this claim if he had lived.

3          33.     Defendants acted under color of law by killing Decedent without

4  lawful justification, subjecting Decedent to excessive force, and intentionally

5  spoiling evidence of the subject-incident thereby depriving Decedent of certain

   constitutionally protected rights as are substantively guaranteed by the Fourth

6  Amendment—such as the right to be free from unreasonable searches and

7  seizures—and Fourteenth Amendment—such as the right to a familial

8  relationship—to the United States Constitution.

9          WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

10

11                          **SECOND CAUSE OF ACTION**

12      **(Violations of Plaintiffs' Rights to Familial Relationship - 42 U.S.C. § 1983)**

       (All Plaintiffs against Defendants TAIRIOL, GRINDER, and DOES 1 – 50)

13         34.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1

14  through 33 of this Complaint.

15         35.     Defendants, TAIRIOL, GRINDER, and DOES 1-50, acting under color of

16  law, and without due process of law, deprived Plaintiffs of their right to a familial

17  relationship with Decedent LUTHER BROWN by use of unreasonable, unjustified deadly

18  force and violence, causing injuries, which resulted in Decedent's death, all without

19  provocation, in violation of the Fourteenth Amendment to the United States Constitution.

   These Defendants acted with an intent to harm Decedent unrelated to legitimate law

20  enforcement purposes in killing Decedent LUTHER BROWN.

21         WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

22

23                          **THIRD CAUSE OF ACTION**

24                         **(Wrongful Death - Negligence)**

25                          **(C.C.P. §377.60 and 377.61)**

26  (Plaintiffs against Defendants TAIRIOL, GRINDER, GAMBOA, SCOTT, and DOES 1-

27                                     50)

28

36.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

37.     At all times herein mentioned, said Defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force, and making of arrests, and to preserve evidence known to them documenting the subject-incident.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs and Decedent to suffer injuries and damages as set forth herein.

38.      As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress, and injury having a traumatic effect on Plaintiffs' emotional tranquility, loss of consortium, familial support, financial support, and damages.  Plaintiffs are entitled to recover wrongful death damages.

39.     As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

40.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of California Civil Code § 52.1)

(Plaintiff SHAWNA BROWN as successor-in-interest to Decedent LUTHER BROWN against Defendants GRINDER, TAIRIOL, GAMBOA, SCOTT and DOES 1 – 50)

41.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42.     Defendants' above-described conduct, acting in the course and scope of their employment for Defendant CITY violated California Civil Code section 52.1 in that they interfered with and attempted to interfere with Decedent's exercise and enjoyment of

8

his civil rights through the use of unlawful and excessive deadly force, and/or conspired to cover-up such violations.

43.     As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Decedent suffered violation of his constitutional, state, and statutory rights, and suffered damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

(Plaintiff SHAWNA BROWN as successor-in-interest to Decedent LUTHER BROWN

Against Defendants GRINDER, TAIRIOL, GAMBOA, SCOTT, and DOES 1-50)

44.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 of this Complaint.

45.     Defendants' above-described conduct was extreme, unreasonable, and outrageous, and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Decedent.

46.     As a proximate result of Defendants' willful, intentional and malicious conduct Decedent LUTHER BROWN suffered severe and extreme mental and emotional distress.   Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Assault and Battery)**

(Plaintiff SHAWNA BROWN as successor-in-interest to Decedent LUTHER BROWN

Against Defendants GRINDER, TAIRIOL, and DOES 1-50)

47.     Plaintiff's re-allege and incorporate by reference paragraphs 1-46 of this Complaint.

48.     Defendants GRINDER, TAIRIOL, and DOES 1-50 maliciously, illegally,

1   and intentionally shot Decedent 11 times, which lead to his death.

2       49.     Defendants GRINDER, TAIRIOL, and DOES 1-50 above described

3   conduct constituted assault and battery.

        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth
4

5                                   **JURY DEMAND**

6       Plaintiffs hereby demand a jury trial in this action.

7

8                                     **PRAYER**

9       WHEREFORE, Plaintiffs pray for relief, as follows:

10      1. For general damages in a sum to be determined according to proof;

11      2. For special damages, including but not limited to, past, present and/or future

12  wage loss, income and support, medical expenses and other special damages in a sum to be

13  determined according to proof;
14

15      3. For funeral and burial expenses according to proof;

16      4. For punitive damages and exemplary damages in amounts to be determined

17  according to proof as to defendant DOES 1 through 50 and/or each of them;

18      5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
19
        6. For cost of suit herein incurred;
20

21                                  **LAW OFFICES OF JOHN L. BURRIS**

22

23
    Dated: January 22, 2016          */s/Benjamin Nisenbaum*
24                                     Benjamin Nisenbaum, Esq.
                                       **Attorney for Plaintiffs**
25

26

27

28

                                                                              10