UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA BROWN, et al., | Civ. No. 2:13-cv-01007-KJM-KJN |
| Plaintiffs, | |
| v. | FINAL PRETRIAL ORDER |
| WESLEY GRINDER, et al., | |
| Defendants. | |

On March 22, 2019, the court conducted a final pretrial conference. Benjamin Nisenbaum appeared for plaintiffs; Mark Berry appeared for defendants.

After hearing, and good cause appearing, the court makes the following findings[1] and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331. Jurisdiction and venue are not contested.

JURY/NON-JURY

Both parties demand trial by jury.

---

[1] The court's findings are based on the parties' joint pretrial conference statement, ECF No. 90, and clarifications at the conference. When necessary for clarity, the court has modified the parties' language. The court acknowledges that defendants submitted a separate pretrial statement. The court relies only on the parties' joint statement here.

UNDISPUTED FACTS

In their joint pretrial statement, the parties identified "undisputed facts" and "undisputed core facts," Jt. St., ECF No. 90, at 2 & 33, which the court has consolidated and edited for clarity as follows:

- On April 6, 2012 at approximately 7:30 p.m., defendants WESLEY GRINDER and RYAN TAIARIOL, uniformed CITY OF STOCKTON police officers in a marked Stockton Police Department patrol car, initiated a car stop on a 2008 Toyota driven by the decedent LUTHER BROWN.

- BROWN, who was on searchable probation, submitted to a search of his person and then fled on foot before officers could search his car. Defendants pursued BROWN.

- Officer TAIARIOL chased BROWN on foot while Officer GRINDER moved the patrol car to the area of the foot chase.

- During the foot chase, BROWN attempted to scale a wooden fence separating two residences near the scene of the car stop. A struggle ensued in which Officer Grinder struck Mr. Brown with his baton several times in the right arm, breaking his right arm; Officer Taiariol punched Mr. Brown in the head five (5) or six (6) times and attempted a carotid restraint on Mr. Brown, and Officer Grinder fired his gun and shot Mr. Brown nine (9) times, killing him.

- Plaintiffs are BROWN's mother, wife and children.

DISPUTED FACTUAL ISSUES

Plaintiffs identify the following disputed factual issues:

- The seriousness of the crime for which Brown was stopped for, and from which he fled;

- The amount of force defendants used initially in detaining Brown after the chase, including the location of blows to Brown's head and breaking of his arm with a baton;

- Whether defendants used excessive force against Brown in detaining him after the chase, prior to shooting him;

- How extensive, and how effective the use of force against Brown was prior to defendant Grinder's shooting him;

/////

- Whether Brown had been disabled or subdued by defendants prior to being shot and killed;

- The effect of the carotid restraint on Brown prior to being shot and killed;

- The extent of Brown's resistance against defendants once they caught up with him after the chase;

- The extent, or lack of, any injuries to defendants that would corroborate their claims that Brown assaulted them;

- Whether Brown ever took control of, or attempted to take control of, either officer's baton or impact weapon, or attempted to strike either officer with a baton or impact weapon;

- Whether both officers had their guns drawn on Brown when he was shot and killed;

- Whether Brown had anything at all in his hands at any time, and in particular when he was shot and killed;

- Whether Brown was fleeing from defendants when he was shot and killed;

- Whether defendant Grinder's conduct in shooting and killing Brown shocks the conscience;

-Whether defendants' conduct was unreasonable in their use of force against Brown.

Defendants identify the following disputed[2] factual issues:

- On April 6, 2012, Grinder and Taiariol were working as partners for the Stockton Police Department's Gang Street Enforcement Team or "GSET," which focuses on proactive enforcement in high-crime areas.

- After learning Brown was on searchable probation, Grinder conducted a cursory search of Brown's person and asked Brown to walk to the curb so Grinder could search Brown's car.

- After Brown fled westbound on Burlington Place, Taiariol pursued Brown on foot through nearby yards. While running through nearby front yards, Brown attempted to scale a fence separating two duplexes. Taiariol grabbed Brown as he was attempting to scale the fence.

---

[2] The court has omitted facts defendants separately identify as disputed where those facts only summarize the parties' jointly identified undisputed facts. *See* Jt. St. at 3-4.

3

At the fence, a struggle ensued.[3]  Taiariol tried to control Brown, but Brown pulled away. Taiariol's efforts to control Brown were ineffective.

- While Taiariol was chasing Brown, Grinder drove his patrol vehicle into the front yard of a duplex near the scene of the struggle.  When Grinder reached the struggle, Brown was on the ground and Taiariol was attempting to take Brown into custody.  Taiariol was grabbing Brown by the arms and trying to prevent his escape.

- Grinder also attempted gain control of Brown by physically putting Brown's hands behind his back.

- Brown was shot only after he began striking Taiariol with a police baton.  Grinder shot Brown because Grinder feared for Taiariol's life.

- Whether the use of force shocks the conscience given the totality of the circumstances and officers' right to employ deadly force as a legitimate and justified interest in protecting themselves.

- Whether there is evidence of deliberate indifference.

SPECIAL FACTUAL INFORMATION

Plaintiffs identify the following as special factual information:

- Brown was 32 years old, married to plaintiff SHAWNA BROWN, the son of plaintiff QUEEN E. BROWN, and the father of five minor children, all plaintiffs in this action.  The subject incident took place near and at 2741-47 Burlington Avenue in Stockton, California on April 6, 2012 at about 7:30 p.m.

Defendants identify the following as special factual information:

- Brown violated multiple statutes in the events immediately preceding his death.

- Defendants had probable cause to stop Brown, who was operating a vehicle in violation of Vehicle Code Section 5200 (improper display of license plates).

/////

---

[3] Because defendants' account here appears to differ from the parties' undisputed facts, which indicate that the fence collapsed when Brown attempted to climb it, the court considers the fact disputed.  *See* Jt. St. at 33 ("When BROWN attempted to scale the fence, the fence collapsed.").

- Defendants had authority to arrest Brown for violations of state law, including, but not limited to, Penal Code Section 148(a)(1) (resisting arrest); Penal Code Section 148(b) (possession of an officer's weapon); Penal Code Section 242 (battery); Penal Code Section 243(b) (battery on a police officer); Penal Code Section 664/187 (attempted murder on a police officer); Penal Code Section 245(c) (assault with a deadly weapon on a police officer).

STIPULATIONS/AGREED STATEMENTS

- The parties stipulate defendants were acting under color of law at all relevant times.

- Defendants anticipate the parties will stipulate to the authenticity of certain documents.

RELIEF SOUGHT

Plaintiffs seek compensatory and punitive damages according to proof, costs and attorneys' fees. Defendants seek a defense verdict and recovery of statutory costs.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

The CITY OF STOCKTON is no longer a defendant. Following plaintiffs' concession, plaintiff Queen E. Brown's state law claims were dismissed in the court's order, ECF No. 86.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiffs' exhibits are identified on the attached **Exhibit 1**. At trial, plaintiffs' exhibits shall be listed numerically.

Defendants' exhibits are identified on the attached **Exhibit 2**. At trial, defendants' exhibits shall be listed alphabetically, first A, B, C, etc., then AA, BB, CC, etc., and so on.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

/////

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A.     The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        1.     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        2.     The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.     Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        1.     The exhibits could not reasonably have been discovered earlier;

        2.     The court and the opposing parties were promptly informed of their existence;

        3.     The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## WITNESSES

Plaintiffs' witnesses are identified in the attached **Exhibit 3**. Defendants' witnesses are identified in the attached **Exhibit 4**.

/////

/////

A.    The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

FURTHER DISCOVERY OR MOTIONS

The parties do not anticipate further discovery or motion practice.

AMENDMENTS/DISMISSALS

There are no anticipated future amendments of the pleadings or additions or substitutions of the parties. The only remaining defendants are Officer Wesley Grinder and Officer Ryan Taiariol.

/////

/////

## SETTLEMENT

Both parties expressed interest in attending a court-convened settlement conference and both parties expressed willingness to waive[4] any conflict to the assigned magistrate judge presiding as the settlement conference judge.

The court ORDERS a Settlement Conference SET for **June 4, 2019 at 9:00 a.m.** in Courtroom 25 before Magistrate Judge Kendall J. Newman. The parties are directed to exchange non-confidential settlement conference statements seven days prior to the settlement conference. These statements shall be simultaneously delivered to the court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Such statements are neither to be filed with the Clerk nor served on opposing counsel; however, each party shall e-file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the conference on any terms. The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate. The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *See* Local Rule 270. Waivers shall be filed as soon as practical, but no less than seven days prior to the settlement conference.

## MOTIONS IN LIMINE

The parties have not yet filed motions in limine. Plaintiffs intend to file motions in limine seeking the following:

/////

---

[4] As provided below, this court requires that the parties file waivers on the court docket as soon as possible.

- To exclude as irrelevant and prejudicial evidence unknown to defendants (including, but not limited to, evidence found in Brown's vehicle after the shooting took place and which could not have informed defendants' conduct)

- To bifurcate liability and damages

- To exclude Taiariol and Grinder from offering expert opinions

- To exclude all non-retained experts declared by defendants who did not submit a Rule 26 expert report

- To exclude evidence of honors, commendations or other awards defendants may have received

- To limit the testimony of defendants' retained expert witnesses, Alexander Jason and Don Cameron, under Federal Rules of Evidence 701 through 703, and *Daubert/Frye*, and to exclude all evidence and simulations not disclosed during discovery

- To exclude all evidence pertaining to any life insurance policies regarding Brown

- To exclude evidence of THC, cannabis, and all other marijuana-related compounds found in Brown's toxicology sample pursuant to his autopsy following the subject-incident.

- To exclude reference to Brown's alleged gang membership, tattoos, and alleged boxing history.

Defendants intend to seek the following:

- To preclude prejudicial testimony and commentary from the plaintiffs and supporting witnesses

- To exclude media reports

- To exclude expert reports beyond Rule 26 submissions

- To exclude "[g]ratuitous [f]amily [p]hotographs"

- To exclude individual defendants' training records

- To exclude plaintiffs' mental health status/records

- To exclude testimony regarding alleged failure to provide appropriate medical attention

- To exclude plaintiffs' police procedures expert to testify as to use of a baton

- To limit testimony as to why Brown eluded and resisted arrest

1    - Inclusion of "Re: Probable Cause to Initiate a Stop of the Decedent"

2    - Inclusion of "Re: Decedent's Inability to Resist Probation Search"

3    - To exclude autopsy photographs not considered by medical experts

4    Defendants also clarify that they seek to "use [] computer animation cells" through

5 their expert, Alexander Jason, and they seek to rely on photographs, paper exhibits, deposition

6 transcripts and other physical evidence using the court's ELMO system.

7    Following the final pretrial conference and as directed by the court, the parties

8 filed a supplemental joint status report identifying the following motions in limine they wish to

9 have the court resolve prior to parties' the settlement conference, if possible: (1) plaintiffs'

10 motion to bifurcate liability and damages; (2) plaintiffs' motion to exclude evidence unknown to

11 defendants, including contraband found in Brown's car, his alleged gang membership, tattoos,

12 boxing history and toxicology results; (3) plaintiffs' motion to exclude expert opinions of

13 individual defendants. *See* ECF No. 92. Defendants have not requested resolution of any of their

14 motions in limine prior to the settlement conference. *See id.*

15    The parties are not relieved of their obligation to meet and confer prior to filing

16 motions in limine, including those identified in the previous paragraph. If the parties are unable

17 to resolve their disputes through meet and confer efforts, the court SETS the following briefing

18 schedule for plaintiffs' three motions in limine identified above in the event the court is able to

19 resolve them prior to the settlement conference: Plaintiffs shall file their motions in limine no

20 later than **April 26, 2019,** with defendants' oppositions due **May 3, 2019**, and plaintiffs' replies

21 due, **May 10, 2019**.

22    All other motions in limine shall be filed no later than **August 16, 2019**, with

23 oppositions due **August 23, 2019** and replies due **August 30, 2019**. The court will hear argument

24 on the motions in a housekeeping session on the first day of trial.

25 /////

26 /////

27 /////

28 /////

## JOINT STATEMENT OF THE CASE

The parties were unable to reach a joint statement of the case.  The court proposes the following statement:

On April 6, 2012, defendant officers WESLEY GRINDER and RYAN TAIARIOL stopped a car driven by plaintiffs' decedent, LUTHER BROWN.  Mr. BROWN, who was on searchable probation, submitted to a search of his person and then fled on foot before officers could search his car.  A struggle ensued, which ended with Officer GRINDER shooting Mr. BROWN to death.  Officer GRINDER shot Mr. BROWN 9 times.  The parties dispute whether Brown violently resisted arrest.  Plaintiffs are Decedent LUTHER BROWN's mother, wife and children.  They have sued defendants, making claims of excessive force, deprivation of familial association, wrongful death, violation of California's Bane Act, intentional infliction of emotional distress and assault and battery.  Defendants deny liability in full.  The parties agree defendants were acting under color of law at all times during the subject incident.

## SEPARATE TRIAL OF ISSUES

Defendants contend a separate trial of issues is not appropriate in this case. Plaintiffs contend the case should be bifurcated between liability and damages.  As noted above, this issue will be resolved through motion practice.

## ATTORNEYS' FEES

Plaintiffs seek recovery of attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **September 10, 2019 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller, to trail any criminal trial that the court may need to try first. The court will seat seven (7) jurors.  Trial is anticipated to last fourteen (14) to seventeen (17) days.  The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

/////

/////

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: April 4, 2019.

_____
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

A.    Coroner's report No. 12-00873, pertaining to Decedent LUTHER BROWN.

B.    Autopsy photographs showing Decedent' LUTHER BROWN's injuries and gunshot wounds.

C.    Cell-phone video taken by Jermaine Perry of events at the beginning of the subject-incident.

D.    Scene photographs (including scene photos and bullet holes to nearby locations caused by subject-incident gunshots).

E.    Overhead Google maps views of the location of the subject incident.

F.    Bates COS00044-52 (Field Investigation Report pertaining to incident scene prepared by Berkelee Akutagawa, Senior Criminalist, California Department of Justice, Bureau of Forensic Services)

G.    Bates COS000124-26 (Weapons inspections of Defendants guns, authored by Rangemaster Steven Thomas).

H.    Defendant GRINDER's baton.

I.    Defendant TAIARIOL's baton.

J.    Radio dispatch recordings pertaining to the subject-incident.

K.    CAD report pertaining to the subject-incident (Bates COS000018-19 only).

L.    Photographs taken of Defendant GRINDER following the subject-incident.

M.    Photographs taken of Defendant TAIARIOL following the subject-incident.

N.    Recorded interview and transcript of Officer Involved Shooting interview of Defendant GRINDER (marked for identification only).

1    O.    Recorded interview and transcript of Officer Involved Shooting interview

2          of Defendant TAIARIOL (marked for identification only).

3    P.    Family photographs of Decedent BROWN and Decedent BROWN's

4          family-members.

5    Q.    Family memorabilia (correspondence, certificates, awards for Decedent's

6          children).

# **EXHIBIT 2**

# DEFENDANTS' EXHIBIT LIST

A. Deposition transcript of Shawna Brown

B. Deposition transcript of Aliza-Imani Almendarez Brown

C.  Deposition transcript of D.P., a minor

D.  Deposition transcript of A.B., a minor

E.  Deposition transcript of D.P., a minor

F.  Deposition transcript of S.S.J., a minor

G.  Deposition transcript of Queen E. Brown

H.  Deposition transcript of Ryan Taiariol

I.   Deposition transcript of Wesley Grinder

J.   Deposition transcript of Dan Cameron

K.  Deposition transcript of Alexander Jason

L   Deposition transcript of Roger Clark

M.  Coroner's Report No.12-00873 of Luther Brown, Jr. from the San Joaquin County of the Coroner

N.  Toxicology Report No. CVT-12-4600 of Luther Brown from Central Valley Toxicology Inc.

O.  Medical Examiner's report case No. 2012-0873, of Luther Brown from the Office of Sheriff- Coroner County of San Joaquin performed by Venus J. Azar, M.D.

P.  Stockton Police Department Crime Scene Log

Q.  Stockton Police Department Crime Scene Sketch

R.  Field Investigation Report from California Department of Justice Bureau of Forensic Services, Central Valley Criminalistics Laboratory

S.  Physical Evidence Submission Form from the State of California Department of Justice Bureau of Forensic Services for item number B82434 – Officer Taiariol's Baton

T.  Physical Evidence Submission Form from the State of California Department of Justice Bureau of Forensic Services for item numbers DOJ-1, DOJ-2, and CD-1

U. Physical Evidence Submission Form from the State of California Department of Justice Bureau of Forensic Services for B82434 #5, B82437#18, B82437#19, B82437#20, B82437#21, and B82437#22

V. Physical Evidence Examination Report from California Department of Justice Bureau of Forensic Services Central Valley Criminalistics Laboratory

W. Physical Evidence Examination Report from California Department of Justice Bureau of Forensic Services Latent Print Program

X. Landmaster Map depicting Burlington Place

Y. Officer Diagram by Ryan Taiariol

Z. Stockton Police Department Property Cards

AA. Memorandum to Captain Scott Meadors from Officer Steven Thomas, Rangemaster/Armor re Weapons Inspections Regarding SPD DR #12-11919

BB. May 9, 2012, Opening Report from Office of the District Attorney San Joaquin County Investigations Bureau by Investigator David J. Derksen

CC. SPD Dispatch Typed Radio Traffic Log – CAD Reports

DD. SPD Records Contact History Printout for Luther Brown Jr.

EE. California Criminal History Printout Report for Luther Brown Jr.

FF. June 11, 2012, Investigative Report Re: Luther Brown from Office of the District Attorney San Joaquin County Investigations Bureau by Investigator K.E. Etcheberry

GG. April 9, 2012, Investigative Report Re: Luther Brown (April 6, 2012) from Office of the District Attorney San Joaquin County Investigations Bureau by Investigator J. Buzo

HH. April 9, 2012, Investigative Report Re: Luther Brown (April 7, 2012) from Office of the District Attorney San Joaquin County Investigations Bureau by Investigator J. Buzo

II. Stockton Police Reports Re No. 12-11919

JJ. Stockton Police Department Dispatch Audio Recordings

KK. Cell phone video recording

LL. 348 Stockton Police Department Evidence Photos

MM. Don Cameron's Rule 26 Report

NN. Alexander Jason's Rule 26 Report

OO. Roger Clark's Rule 26 Report

PP. Transcript of video recorded interview of Officer Ryan Taiariol

QQ.Transcript of video recorded interview of Officer Wesley Grinder

RR. Transcript of video recorded interview of Patricia Hardimon

SS. Deposition transcript of Don Cameron

TT. Deposition transcript of Alexander Jason

UU. Deposition transcript of George Vandermark, M.D.

VV. Medical Records from Kaiser Permanente pertaining to Shawna Brown

WW.Video recorded interview of Patricia Hardimon

XX.Video recorded interview of Ryan Taiariol

YY.Video recorded interview of Wesley Grinder

ZZ.Autopsy photos

A-3 Recorded interview of Princess B.

B-3 Transcribed interview of Princess B.

C-3 Recorded interview of Denise Velazquez

D-3 Transcribed interview of Denise Velasquez

E-3 Recorded interview of Sierra Looney

F-3 Transcribed interview of Sierra Looney

G-3 Recorded interview of Dennis B.

H-3   Transcribed interview of Dennis B.

I-3   Recorded Statement of Jermaine P.

J-3 Transcribed Statement of Jermaine P.

K-3 Stockton Police Department Search Waiver signed by Patricia Hardimon

# **EXHIBIT 3**

<u>PLAINTIFFS' WITNESS LIST</u>

1. Sierra Looney, percipient witness to the subject-incident.

2. Denise Velasquez, percipient witness to the subject-incident.

3. Princess Beron, percipient witness to the subject-incident.

4. Dennis Barney, percipient witness to the subject-incident.

5. Jermaine Perry, percipient witness to the subject-incident, and taking cell-phone video of the beginning part of the subject-incident.

6. Patricia Hardimon, percipient witness to subject-incident.

7. Steve Knouf, bullet holes to his front door and garage caused by the subject-incident.

8. Venus Azar, M.D., re: autopsy of decedent, autopsy report, location of gunshot wounds to Decedent, autopsy photographs.

9. Roger Clark, Plaintiffs police practice expert.

10. B.L. Posey, re: toxicology testing of sample from Decedent at autopsy.

11. Berkelee Akutagawa, Senior Criminalist, California Department of Justice, Bureau of Forensic Services, re: incident scene examination.

12. Steven Thomas, Rangemaster, re: firearms examination of Defendants guns following subject-incident.

13. Defendant WESLEY GRINDER, re: subject incident, damages, punitive damages.

14. Defendant RYAN TAIARIOL, re: subject incident, damages, punitive damages.

15. Plaintiff QUEEN E. BROWN, re: damages.

16. Plaintiff SHAWNA BROWN, re: damages.

17. RITA ALMENDAREZ, Guardian Ad Litem for Minor Plaintiffs A.B., D.P., A.B. and D.P., re: damages.

18. GAYLE JOHNSON, Guardian Ad Litem for Minor Plaintiff S.S.J., re; damages.

# EXHIBIT 4

# DEFENDANTS' WITNESS LIST

1. **Officer Wesley Grinder (Defendant)**
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

2. **Officer Ryan Taiariol (Defendant)**
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

3. **Officer Loreen Gamboa (Defendant)**
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

4. **Brian Scott (Investigator)**
   San Joaquin District Attorney Investigator
   222 E Weber Ave, 6th Floor
   Stockton, CA 95202

5. **Deputy Coroner Deborah Hayes (Recording Deputy)**
   San Joaquin County Office of the Coroner
   7000 Michael N. Canlis Blvd.
   French Camp, California 95231

6. **Sergeant Toby Farnsworth (Supervising Deputy Coroner)**
   San Joaquin County Office of the Coroner
   7000 Michael N. Canlis Blvd.
   French Camp, California 95231

7. **Dr. Herring (Treating Physician)**
   St. Joseph's Medical Center
   1800 N. California Street
   Stockton, California 95204

8. **Dr. Demartinis (Treating Physician)**
   San Joaquin General Hospital
   500 W. Hospital Blvd.
   French Camp, California 95231

9. **Detective Mark Thrush (Protocol Investigator)**
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

/////

10. Evidence Technician Steven Flores (Autopsy observer-photographer)
Stockton Police Department
22 E. Market Street
Stockton, California 95202

11. Officer Danielle Giurlani
Stockton Police Department
22 E. Market Street
Stockton, California 95202

12. District Attorney Investigator Jim Buzo (Protocol Investigator)
222 E Weber Ave # 202
Stockton, CA 95202

13. Forensic Technician Etta Johnson (Autopsy Forensic Technincian)
San Joaquin County Coroner's Office
7000 Michael N. Canlis Blvd.
French Camp, California 95231

14. Venus J. Azar, M.D. (Medical Examiner)
San Joaquin County Coroner's Office
7000 Michael N. Canlis Blvd.
French Camp, California 95231

15. Sergeant Annette Mondavi (Received report of Toxicology results)
San Joaquin County Sheriff-Coroner
7000 Michael N. Canlis Blvd.
French Camp, California 95231

16. Dr. Bill Posey (Toxicologist)
Central Valley Toxicology Inc.
1580 Tollhouse Road
Clovis California 93611

17. Officer James Padilla (Investigator)
Stockton Police Department
22 E. Market Street
Stockton, California 95202

18. Officer Paul Dona (Established Crime Scene)
Stockton Police Department
22 E. Market Street
Stockton, California 95202

19. Officer Cody Johnson (Investigator)
Stockton Police Department
22 E. Market Street
Stockton, California 95202

20. Officer Varun Var (Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

21. Officer Ronald Zalunardo (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

22. Officer Jeffrey Pope (Responding Office)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

23. Officer Kyle Pierce (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

24. Sergeant Kathryn Nance (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

25. Officer Bernie Tapia (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

26. Sergeant Mark Reynolds (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

27. Lieutenant Mike Reynosa (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

28. Officer Telly Strika (Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

/////

/////

29. Officer Aaron Adams (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

30. Lieutenant M. Howard (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

31. Officer Benjamin Cromwell (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

32. Officer Miroslava Moreno (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

33. Officer Brandon Ezell (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

34. Officer Brian Breckenridge (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

35. Officer Todd Valone (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

36. Officer Chris Villanueva (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

37. Officer Michael George (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

/////

/////

5

38. Officer Robert Dubois (Responding Officer- interviewed witnesses at the scene)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

39. Officer Hector Alaniz (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

40. Lieutenant Chuck McLaughlin (Protocol Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

41. Officer Givens (Responding officer; accompanied suspect to the hospital)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

42. Officer Lynne Goodwin (attended autopsy)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

43. CTC Anderson
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

44. Sergeant Richard Ridenour (Protocol Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

45. Officer Barry Oaks (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

46. Officer Randy Huffman (Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

47. Officer Christopher Carter (Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

48. Officer Pete Smith (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

49. Detective Charles Aaron Harris (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

50. Detective Robert Faine (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

51. Sergeant Walter Vancil (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

52. Officer Alan Lambertson (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

53. Evidence Technician Iris Ott (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

54. Officer Clifford Hoffman (Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

55. Senior Criminalist Berklee Akutagawa (Protocol Investigator)
   California Department of Justice
   Bureau of Forensic Services
   Central Valley Criminalistics Laboratory
   1306 Hughes Lane
   Ripon, California 95366

56. Officer Paul Ordaz (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

/////

7

57. Officer Nicholas Barrera (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

58. Officer Nicholas Barrera (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

59. Officer Damian Underwood (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

60. Investigator Lisa Askloff (Protocol Investigator)
   Stockton City Attorney
   425 N El Dorado Street
   Stockton, California 95202

61. Critical Incident Investigator Estaban Arrieta (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

62. Critical Incident Investigator Paul Huff (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

63. Critical Incident Investigator Dana Mosher (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

64. Dispatcher Becker (Stockton Police Dispatcher)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

65. Officer Trevor Womack (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

66. Officer Christopher Martin (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

67. Officer Sean R. Mcpherson (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

68. Officer Thomas Heslin (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

69. Sergeant Benjamin Lee (Scene Commander)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

70. Officer Irshad Mohammed (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

71. Officer Kevin Hess (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

72. Sergeant Larry Lane (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

73. Officer Jesus Zavala (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

74. Officer Michelle Guthrie (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

75. Senior Criminalist James Hamiel (Protocol Investigator)
   California Department of Justice
   Bureau of Forensic Services
   Central Valley Criminalistics Laboratory
   1306 Hughes Lane
   Ripon, California 95366

/////

9

76. Criminalist Bobby Cheseldine (Protocol Investigator)
   California Department of Justice
   Bureau of Forensic Services
   Central Valley Criminalistics Laboratory
   1306 Hughes Lane
   Ripon, California 95366

77. Detective Brian Fry (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

78. District Attorney Investigator Kerry Etcheberry (Protocol Investigator)
   222 E Weber Ave # 202
   Stockton, CA 95202

79. Detective Joe Silva (Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

80. Lieutenant Ivan Rose (Protocol Investigator)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

81. District Attorney Investigator David Derkson (Protocol Investigator)
   222 E Weber Ave., 6th Floor
   Stockton, CA 95202

82. Officer B. Mayo (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

83. Officer Anthony Garza (Responding Officer)
   Stockton Police Department
   22 E. Market Street
   Stockton, California 95202

84. Latent Print Analyst Linda Senteney
   California Department of Justice
   Bureau of Forensic Services
   Latent Print Program
   4949 Broadway, Room F163
   Sacramento, California 95820

/////

10

85. Patricia Hardimon (witness)
    2718 Burlington Place
    Stockton, California 95209

86. Jermaine Perry (witness)
    2718 Burlington Place
    Stockton, California 95209

87. Evidence Technician Andrea Chelli (Protocol Investigator)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

88. Officer Steven Flores (Autopsy observer-photographer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

89. Officer Victoria Tracy (Field Evidence Technician)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

90. Detective Jonathan Gong (IT Officer who downloaded contents of cell phone)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

91. Lieutenant Ken Melgoza (Protocol Investigator)
    San Joaquin District Attorney Investigator In-Charge
    222 E Weber Ave # 202
    Stockton, CA 95202

92. Captain Scott Meadors (Received weapons inspection memorandum)
    Field Services
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

93. Officer Steven Thomas (Performed weapons inspection)
    Rangemaster/Armor
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

94. Chief of Police Eric Jones
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

95. Princess B. (witness)
   2741 Burlington Place
   Stockton, California 95209

96. Denise Velazquez (witness)
   3541 Deseret Drive
   Stockton, California 95209

97. Sierra Looney (witness)
   2724 Burlington Place
   Stockton, California 95209

98. Dennis Ray Barney (witness)
   2718 Burlington Place
   Stockton, California 95209

99. Chaplain Williams (Stockton Police Chaplain – viewed video)
   22 E. Market Street
   Stockton, California 95202

100. Sergeant Knief (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

101. Bob Setliff (witness)
    2724 Burlington Place
    Stockton, California 95209

102. Janet Looney (witness)
    2724 Burlington Place
    Stockton, California 95209

103. Officer Kevin Knall (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

104. Officer Nicholas Sepulveda (Responding Officer)
    Stockton Police Department
    22 E. Market Street
    Stockton, California 95202

105. Gloria Vallesteros (witness)
    2740 Burlington Place
    Stockton, California 95209

/////

106. Ruthie Williams (witness)
   2740 Plantation Place
   Stockton, California 95209

107. Emily Dipad (witness)
   2748 Burlington Place
   Stockton, California 95209

108. Alice George (witness)
   2750 Burlington Place
   Stockton, California 95209

109. Carissa Lao (witness)
   2802 Burlington Place
   Stockton, California 95209

110. Karla Ornelas (witness)
   2804 Burlington Place
   Stockton, California 95209

111. Ross Liway (witness)
   2805 Burlington Place
   Stockton, California 95209

112. Rochelle Sealy (witness)
   2803 Burlington Place
   Stockton, California 95209

113. Ernie Connor (witness)
   2755 Burlington Place
   Stockton, California 95209

114. Maria Rivers (witness)
   2752 Burlington Place
   Stockton, California 95209

115. Myloan Ho (witness)
   2732 Burlington Place
   Stockton, California 95209

116. Eleazar Manaois (witness)
   10534 Arianne Place
   Stockton, California 95209

117. Refujio Navarrette (witness)
   2739 Burlington Place
   Stockton, California 95209

/////

13

118. Jubilo Beron (witness)
2741 Burlington Place
Stockton, California 95209

119. Wynona Beron (witness)
2741 Burlington Place
Stockton, California 95209

120. Joe Dorado (witness)
2710 Burlington Place
Stockton, California 95209

121. Jerry James Lopez (witness)
2816 Chancy Circle
Stockton, California 95209

122. Mary Alice Ruiz (witness)
2816 Chancy Circle
Stockton, California 95209

123. Candace Dempsey (Probation Officer)
San Joaquin County Probation
24 S. Hunter Street
Stockton, California 95202

124. Don Stuart Cameron (Defendants' Expert)
2336 Banbury Loop
Martinez, California 94553

125. Evidence Technician Tatiana Shafer
California Department of Justice Bureau of Forensic Services Latent Print Program
4949 Broadway, Room F163
Sacramento, California 95820

126. Plaintiff, Shawna R. Stewart-Brown

127. Plaintiff, Queen E. Randell Brown

128. Plaintiff, A.B., a minor

129. Plaintiff, D.P., a minor

130. Plaintiff, A.B., a minor

131. Plaintiff, D.P., a minor

132. Plaintiff S.S.J., a minor

/////

133. Gabriel Tanson, M.D. (Treating Physician)
San Joaquin General Hospital
500 W. Hospital Road
Stockton, California 95231

134. PMK
Kaiser Permanente Medical Center Pediatrics Clinic
7373 West Lane, 2nd Floor, Suite 201
Stockton, California 952011

135. Rick Huang, M.D. (Treating Physician)
Kaiser Permanente Medical Center
3800 Gale Road
Modesto, California

136. Geny Burgos, M.D. (Treating Physician)
1801 E. March Lane C-340
Stockton, California 95210

137. PMK
Lodi Health Pediatrics
2415 W. Vine Street, #100
Lodi, California 95242

138. PMK
Premier Pediatrics
3916 Jackson Street
Alexandria, LA 71303

139. Lieutenant Eric Kane (custodian of records)
Stockton Police Department
22 E. Market Street
Stockton, California 95202

140. Sandie Matuska (custodian of records)
City of Stockton Human Resources
22 E Weber Ave # 150
Stockton, CA 95202

141. Valerie Smith (custodian of records)
Stockton Police Department, Professional Standards Section
22 E. Market Street
Stockton, California 95202

142. Andrew Smith (custodian of records)
Stockton Police Department Personnel and Training Division
22 E. Market Street
Stockton, California 95202

143. Officer Kyle Amant (Responding Officer)
     Stockton Police Department
     22 E. Market Street
     Stockton, California 95202

144. Alexander Jason (Defendants' Expert)
     P.O. Box 375
     Pinole, California 94564

145. Roger Clark (Plaintiffs' Expert)
     Police Procedures Consultant, Inc.
     10207 Molino Road
     Santee, California 92071

146. George Vandermark, M.D. (Plaintiffs' non-retained Expert)
     Forensic Pathologist
     2500 Alhambra Avenue
     Martinez, California 94553

147. Refujio Nacarrette (witness)
     2739 Burlington Place
     Stockton, California 95209

148. Jubilo Beron (witness)
     2741 Burlington Place
     Stockton, California 95209

149. Wynona Beron (witness)
     2741 Burlington Place
     Stockton, California 95209