UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF STOCKTON, et al.,<br><br>Defendants. | No. 2:13-cv-1007-KJM-KJN<br><br>ORDER DENYING PLAINTIFFS' MOTION TO SEAL |

On July 3, 2019, Plaintiffs filed a notice of request to seal documents pursuant to Local Rule 141. (ECF No. 109.) This notice indicates Plaintiffs wish to file under seal (per Rule 5.2[1]) the "Petitions Appointing Guardian Ad Litem and Approving Minor's Compromise for Plaintiffs" and accompanying exhibits. Plaintiffs reason that good cause exists because each agreement contains "references to confidential personal financial information for all Minor Plaintiffs" and "sensitive information regarding minor parties" such as the "names and dates of birth of Minor Plaintiffs." No opposition was filed by Defendants.

For the reasons set forth below, the request will be DENIED.

///

///

---

[1] Citation to the Rule(s) are to the Federal Rules of Civil Procedure, unless otherwise stated.

1

**Analysis**

All documents filed with the court are presumptively public. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999); see also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'") (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Under Rule 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Rule 5.2(d).

Two standards generally govern requests to seal documents, depending on whether the documents are attached to "dispositive" or "non-dispositive" motions. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). As stated in Kamakana:

> Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." Pintos, 605 F.3d at 678 (quotations omitted).

Here, Plaintiffs seek to seal documents ultimately related to three Minors' Compromises. (ECF No. 109.) Because those settlements will dispose of Plaintiffs' claims in this case, they are dispositive, and so Plaintiffs' request must meet the more-stringent "compelling reasons" test. To decide whether the documents should be sealed:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

2

447 F.3d at 1178–79 (internal quotation marks, omissions, and citations omitted).  "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  Id. at 1178–79.  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. Id. at 1178; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

Here, Plaintiffs have not presented a compelling reason to justify sealing the entirety of the Minors' Compromises.  Plaintiffs argue for good cause because each agreement contains "references to confidential personal financial information for all Minor Plaintiffs" and "sensitive information regarding minor parties" such as the "names and dates of birth of Minor Plaintiffs." (ECF No. 109.)  These reasons "do not speak to any of the traditional circumstances meeting the compelling reasons standard."  See Estate of Levingston v. Cty. of Kern, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017) (denying request to seal minor's compromise documents where no compelling reason stated, and where California public policy favored disclosure documents upon settlement) (citing Cal. Gov't Code § 6254(b) (exempting from disclosure "[r]ecords pertaining to pending litigation to which the public agency is a party . . . until the pending litigation or claim has been finally adjudicated or otherwise settled") and Bd. of Tr. of Cal. State Univ. v. Superior Court, 132 Cal. App. 4th 889, 899 (2005) ("Even if labeled as 'confidential,' [settlement communications] are subject to disclosure under the PRA after the litigation has ended.")).

The documents submitted do contain the Minor Plaintiffs' full names, dates of birth, and financial information—which are required to be redacted, at least in part, by the Local Rules.  See E.D. Cal. L.R. 140(a).  However, the sporadic appearance of this information does not warrant sealing the entirety of the documents.  Instead, Plaintiffs may redact the documents in accordance with the Local Rules and resubmit it for approval.

///

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. For the reasons set forth above, plaintiffs' request to file documents under seal (ECF No. 109) is DENIED. Where such a request to file under seal is denied, the court returns the filing to the party which sought sealing and does not enter them on the docket. L.R. 141(e)(1); and

2. Plaintiffs may file on the public docket an appropriately redacted version of their petition for approval of a minor's compromise of claims, per L.R. 140.

IT IS SO ORDERED.

Dated: July 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow.1007